```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Warren E. Peterson

    v.                                  Civil No. 14-cv-432-LM
                                          Opinion No. 2017 DNH 088

William Wrenn, Commissioner,
New Hampshire Department of Corrections;
Richard Gerry; Christopher Kench;
Lester Eldridge; Roger Provost;
Kelly Jardine; Paul Cascio;
Michael Marden; Jon Fouts;
Brian Baxter; John Masse; and
Charles Boyijian

## **O R D E R**

Before the court is plaintiff Warren E. Peterson's motion (doc. no. 65), seeking partial reconsideration of the January 30, 2017, Order (doc. no. 62) ("January 30 Order"), granting in part and denying in part defendants' motion for summary judgment (doc. no. 41), and denying plaintiff's motion for summary judgment (doc. no. 49). Peterson seeks reconsideration of the part of the January 30 Order that granted judgment as a matter of law for defendants on Peterson's First and Fourteenth Amendment retaliation and access to the courts claims.[1]

---

[1] Peterson's First and Fourteenth Amendment retaliation and access to the courts claims were identified as Claims II and III in the January 30 Order.

**Standard**

A party moving for reconsideration of an order must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). "'[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" [Dionne v. Fed. Nat. Mortg. Ass'n, 110 F. Supp. 3d 338, 341 (D.N.H. 2015)](...) (citation omitted). "[A] party cannot use a motion for reconsideration 'to undo its own procedural failures' or to '[advance] arguments that could and should have been presented' earlier." [R&R Auction Co., LLC v. Johnson, No. 15-cv-199-PB, 2016 DNH 195, 2016 WL 2992115](...), at *1, 2016 U.S. Dist. LEXIS 67273, at *2 (D.N.H. May 23, 2016) (citation omitted). A "motion for reconsideration is not 'a mechanism to regurgitate old arguments previously considered and rejected.'" Id. (citation omitted).

**Discussion**

I. Right of Access to the Courts (Claim II)

In the January 30 Order, this court concluded that Peterson had not articulated any grounds upon which any factfinder could find, without undue speculation, that defendants Masse and

2

Boyijian had actually hindered Peterson's ability to litigate a non-frivolous post-conviction claim in state court. Specifically, in the January 30 Order, the court found that Peterson had pointed to only one specific pertinent document, his presentence investigation report ("PSI"), along with other parts of his case files, that defendants Masse and Boyijian caused him to lose access to, and which he said he needed to litigate additional claims in his motion for post-conviction relief in the state courts. This court ruled, as follows:

> Peterson counters that if he had in fact retained access to the lost materials including the PSI, he would have litigated different claims, and he would have filed a more complete motion sooner. Peterson does not state what those unasserted claims would have been, in a manner that would allow this court to conclude whether such claims were non-frivolous. "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

January 30 Order, at 23.

In the instant motion to reconsider (doc. no. 65), Peterson asserts that there are several ways "defendants" caused him to suffer actual legal injury in the state courts:

- by telling Peterson he could not keep legal work in his cell unless he had a docket number, which caused Peterson to rush to file a "one issue" post-conviction motion in the state courts in April 2013, and to forego completing a multi-issue draft of the same motion;

- by causing Peterson's personal copy of the PSI to be lost when some of Peterson's case files were destroyed, before

3

> Peterson could finish briefing a claim in state court that the PSI's description of the offense did not match the indictment, and that the PSI's facts did not support the decision to treat his kidnapping conviction as a Class A felony; and

- by causing Peterson's multi-issue draft of the motion for post-conviction relief to be misplaced or destroyed before Peterson finished briefing and filing two claims – (1) that state law prohibited the imposition of a minimum sentence greater than three years and (2) that the indictment's description of the kidnapping incident was exaggerated and did not match the PSI's description of the crime, and that the PSI's description of the crime did not support the decision to treat the kidnapping conviction as a Class A felony.

Before filing the motion to reconsider, Peterson never clearly articulated which claims he could not brief as a result of defendants' actions, and which pertinent documents, other than the PSI, had been destroyed. A motion to reconsider an order granting summary judgment is not the place for a plaintiff asserting an access to the courts claim to describe the specific claims inhibited, which he could have but did not previously articulate in connection with the underlying summary judgment motion. See [R&R Auction Co.](), [2016 WL 2992115](), at *1, 2016 U.S. Dist. LEXIS 67273, at *2. Reconsideration is properly denied with respect to arguments and factual assertions that Peterson chose not to raise previously in connection with the underlying cross motions for summary judgment.

Peterson attempts to make much of having been rushed into filing a "one issue" post-conviction brief in April 2013. No

4

competent evidence in the record, however, suggests reasonable grounds for finding that defendants Masse and Boyijian's acts, and not Peterson's own strategic decision, caused Peterson to forego filing a longer, multi-issue brief in state court challenging his conviction or sentence in 2013. Nothing before the court indicates defendants prevented Peterson from litigating the same issues in the state courts either before the events at issue occurred, or after Peterson reconstructed the arguments he alleges he could not file in 2013.

The record shows that the state court denied Peterson's "one issue" post-conviction motion and ensuing motions to reconsider, upon finding, among other things, that Peterson had waived the double jeopardy claims he raised in those filings, by having failed to raise them in his direct appeal or in post-conviction proceedings litigated in the years prior to 2013. By the same token, both the PSI/indictment issue and 3-year minimum sentence claim, like those double jeopardy claims, are based on facts that Peterson knew or should have known at the time of his direct appeal and earlier post-conviction litigation. Nothing before this court suggests that the state court, upon finding the double jeopardy claims to be procedurally barred, would not have treated the PSI/indictment issue and 3-year minimum sentence claim as subject to the same procedural bar. Furthermore, as Peterson admitted the substance of the

5

indictment's charge when he pleaded guilty, and nothing in the record suggests that his guilty plea was invalid, Peterson's claim, challenging his Class A felony conviction and sentence based on discrepancies between the PSI and the indictment, is frivolous.

Peterson has also failed to show how defendants actually hindered his ability to litigate a non-frivolous claim challenging the 5-year minimum sentences imposed upon him. That claim depends entirely on Peterson's (frivolous) legal argument as to whether the state court had discretion under state law to impose a 5-year to 20-year sentence on Peterson, where the statute at issue provided for a twenty-year maximum sentence and a minimum sentence of "not less than 3 years' imprisonment."[2]

---

[2]At the time of Peterson's conviction and sentencing, the pertinent enhanced sentence statute provided as follows:

> If a person is convicted of a felony, an element of which is the possession, use or attempted use of a deadly weapon, and the deadly weapon is a firearm, such person may be sentenced to a maximum term of 20 years' imprisonment in lieu of any other sentence prescribed for the crime. The person shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for a first offense . . . .").

N.H. Rev. Stat. Ann. ("RSA") § 651:2, II-g (1998). Five years is less than one half of twenty years, which is the upward limit of the sentence minimum that may be imposed. See State v. Peabody, 121 N.H. 1075, 1078, 438 A.2d 305, 308 (1981) ("a minimum felony sentence can be no greater than one-half the maximum" (citing RSA § 651:2, II(d))).

6

Even if this court were to assume that the claim at issue is not frivolous, the record is devoid of evidence generating a jury question on whether defendants hindered Peterson's ability to litigate that issue. To the extent Peterson argues that the loss of an earlier, more complete draft of his post-conviction motion made it difficult for him to file the claim in state court in 2013, there is no competent evidence in the record that Peterson could not file the claim sooner, prior to the events at issue in this case, which began in February 2013. And there is no evidence that Peterson was unable to obtain an extension of time or other relief, as necessary, from the state court to add this claim at a later stage of the same proceeding he initiated in April 2013. Accordingly, the motion to reconsider the disposition of Claim II in the January 30 Order is denied.

II. Retaliation (Claim III)

This court granted defendants' motion for summary judgment on Peterson's First Amendment retaliation claim (Claim III), upon finding that defendants were entitled to qualified immunity. Peterson moves to reconsider that ruling. Reconsideration is denied, as Peterson has not shown that the court's qualified immunity analysis is infected by any manifest error of fact or law. See Dionne, 110 F. Supp. 3d at 341.

Accordingly, the motion to reconsider the disposition of Claim III in the January 30 Order is denied.

## Conclusion

For the foregoing reasons, the court denies the motion to reconsider (doc. no. 65).

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

May 4, 2017

cc: Warren E. Peterson, pro se
    Kenneth A. Sansone, Esq.
    Elizabeth Mulholland, Esq.
    Nancy J. Smith, Esq.