UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Warren E. Peterson

       v.                                      Case No. 14-cv-432-LM

William Wrenn, Commissioner, New Hampshire
Department of Corrections; Richard Gerry;
Christopher Kench; Lester Eldridge;
Roger Provost; Kelly Jardine; Paul Cascio;
Michael Marden; Jon Fouts; Brian Baxter;
John Masse; and Charles Boyijian

## REPORT AND RECOMMENDATION

Before the court is plaintiff Warren E. Peterson's motion (Doc. No. 73), seeking leave to proceed in forma pauperis in his appeal of the May 4, 2017 Order (Doc. No. 66) ("May 4 Order"). That Order denied Peterson's motion to reconsider the January 30, 2017 Order (Doc. No. 62) ("January 30 Order") granting summary judgment in favor of defendants on all but one claim in this case. The only claim remaining after the January 30 Order asserts that defendants William Wrenn, Richard Gerry, Christopher Kench, Lester Eldridge, Roger Provost, and Kelly Jardine are liable, in their official capacities, for violations of the Americans with Disabilities Act.

### Standard

In determining whether an applicant may proceed on appeal without pre-paying the filing fee, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), this court considers,

among other things, the applicant's objective good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal that lacks any rational, arguable basis in law or fact is deemed to be lacking in objective good faith.  See Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 158 (D.P.R. 2015).

While the underlying January 30 Order resolves Peterson's claims against some of the defendants in this case, neither that Order, nor the May 4 Order specifically at issue in Peterson's appeal, is a final decision, and neither of those orders is reviewable under 28 U.S.C. § 1291 or § 1292(a).  No party has sought or obtained an order of this court directing that final judgment be entered as to some claims or parties under Fed. R. Civ. P. 54(b).  Peterson's appeal is thus subject to the screening and certification process for nonfinal orders required by 28 U.S.C. § 1292(b).

> A party seeking review of a nonfinal order must first obtain the consent of the trial judge.  This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals.  Finally, even if the district judge certifies the order under § 1292(b), the appellant still "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."

Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978)

(citation and footnote omitted).

This court has not been asked to certify that the May 4 Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," under 28 U.S.C. § 1292(b).  Moreover, such certification, if requested, would not properly be granted, as there is no substantial ground for a difference of opinion as to the reasons why the court denied reconsideration of its January 30 Order.

The May 4 Order is thus not appealable at this time. Peterson's interlocutory appeal is not grounded in any arguable basis in law or fact, and that appeal is not properly deemed to have been taken, objectively, in good faith.  Accordingly Peterson's motion to proceed in forma pauperis on appeal (Doc. No. 73) should be denied.  See 28 U.S.C. § 1915(a)(3).

## Conclusion

For the foregoing reasons, the district judge should deny Peterson's motion (Doc. No. 73), seeking leave to proceed in forma pauperis in his interlocutory appeal of the May 4 Order. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the

Report and Recommendation within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                    */s/ Andrea K. Johnstone*
                    Andrea K. Johnstone
                    United States Magistrate Judge

June 5, 2017

cc:  Warren E. Peterson, pro se
     Kenneth A. Sansone, Esq.
     Elizabeth Mulholland, Esq.
     Nancy J. Smith, Esq.

4